## WARREN B. ESTY

*v*

## JOHN SNYDER.

1. ASSIGNEE OF PROMISSORY NOTE — *how far protected against a want of title in his vendor.* Where the payee of a promissory note indorses the note in blank and delivers it to another person, no matter for what purpose, he thereby holds the latter out to the world as the owner, and a *bona fide* purchaser from him, before its maturity, will take a good title.

2. INSTRUCTIONS — *need not be repeated.* It is not error to refuse an instruction which is substantially embodied in other instructions given to the jury.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. CLARK & CHRISTIAN, for the plaintiff in error.

Messrs. INGERSOLL, PUTERBAUGH & CASSELL, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trover, brought by Esty against Snyder, to recover the value of a promissory note given by one Bacon to Esty, and at the commencement of the suit in possession of Snyder. It appears from the evidence, that Esty had deposited the note with Clark & Keller, attorneys at law, with what precise object does not appear; but it is to be presumed for negotiation, as he placed on it his blank indorsement. Keller transferred the note to the defendant, Snyder, and left the State, and Esty now insists that Snyder acquired no title. It of course depends upon whether the transfer of the note by Keller to Snyder, was made in good faith so far as Snyder is concerned, and for a valuable consideration. The case was fairly left by the court to the jury on this point, and they have found that it was thus transferred, and the evidence sustains the verdict. The law governing the case is very plain. Esty by indorsing the note in blank and delivering it to Clark & Keller, held them out to the world as the owners, and a *bona fide* purchaser from them before maturity would take a good title. The fourth instruction asked for the plaintiff and refused, was technically wrong as to the measure of damages, and its substance, in other respects, was embodied in the other instructions. There was therefore no error in refusing it.

*Judgment affirmed.*